McGINTY *vs.* MABRY, Guardian &c.

1. The wife is a necessary party to a proceeding to compel a final settlement of her guardianship of a minor child, and a decree against her husband only is erroneous.
2. A point which was not presented in the court below in any shape, cannot be noticed in the Appellate Court.

Appeal from the Court of Probate of Barbour.

George W. McGinty and Elizabeth, his wife, were cited before the Court of Probate to make a final settlement of the said Elizabeth's guardianship of her minor son, Moses Griffith. Their accounts were audited and stated, showing a balance in the hands of the said guardian of $594 50. Legal notice by publication having been given, the court proceeded to render a final decree, which is as follows : " It is therefore ordered, that the said account of the said guardian as stated be allowed, and recorded and filed ; it is further ordered, that Seth Mabry, the present guardian of the person and property of the said Moses Griffith, recover of the said George W. McGinty, guardian in right of his wife Elizabeth, late Elizabeth Griffith, the guardian of Moses Griffith, a minor, the said sum of $594 50, as a balance of the assets of the said ward remaining in the hands of said guardian, as also the costs in this behalf expended, for which execution may issue."

This decree is now assigned for error.

P. T. Sayre, for plaintiff in error.

PHELAN, J.—The only ground upon which the liability of McGinty, the husband, can be based, is his intermarriage with

Mrs. Griffith, who, previous to her marriage with him, was guardian to her minor son by a former marriage, now the ward of the defendant in error.

It is well settled, that the husband cannot be sued alone, for the debts of the wife contracted before marriage.—Gage v. Reid, 15 Johns. 403 ; 7 Term R. 348. The same principle will cover every species of civil liability incurred by the wife before marriage, whether by tort or contract, in her own right or as administratrix or guardian.—2 Williams on Executors 632 ; Bacon's Abr., Title Baron and Feme ; 5 Johns. 66 ; Williamson v. Hill, 6 Porter's R. 184. It being necessary to make the wife a party to this proceeding for a final settlement of her guardianship, a decree against her husband only was of course erroneous.

The point made in the argument of plaintiff in error, that the husband is not liable at all under the statute of 1846, (Pamphlet Acts 25,) which declares that the husband shall not be "liable to pay the ante-nuptial contracts or liabilities of the wife further than the property received by the wife," was not presented in the court below in any shape, and cannot be noticed here.

For the error in not rendering a decree against both husband and wife, the judgment of the court below is reversed, and the cause remanded.