MATTHEWS, ADM'R, &C., *vs.* DOUTHITT AND WIFE.

[CITATION TO ADMINISTRATORS TO COMPEL FINAL SETTLEMENT.]

1. *Administrator de bonis non cannot be appointed until office vacated by his predecessor.* After the grant of letters of administration to a person entitled to and capable of discharging the trust, the probate court has no power to make any new appointment to the office until it is vacated, either temporarily or permanently, by the death, resignation, removal, &c., of the first administrator;

such new appointment before the office is vacated is totally void, and con-fers no authority on the person appointed to have the first administrator cited to make final settlement.

2. *Final decree, rendered within eighteen months after grant of letters, and discharging administrator from further liability, void.*—If an administrator, after qualifying under a regular appointment by the probate court, has never resigned, and has not reported the estate either solvent or insolvent, a final decree, rendered within eighteen months after his appointment, that he "go hence discharged from further liability as such administrator," is utterly void—it neither affects his rights or liabilities as administrator, nor authorizes the appointment of an administrator *de bonis non* of the estate.

3. *Whether such decree is of any validity as confirming and allowing administrator's accounts.*—Such a decree, if admitted to be valid so far as it confirms and allows the administrator's accounts (as to which, *quære?*) cannot be conclusive beyond the very items mentioned in the account, nor protect the administrator from liability as to all other matters.

APPEAL from the Court of Probate of Franklin.

IN the matter of the estate of John Snow, deceased.

The record shows that, on the 20th November, 1851, letters of administration were granted by said court to Cynthia D. Snow, the widow of said decedent; that on the same day appraisers of the estate were appointed, who subsequently returned an inventory of the estate, showing personal property to the amount of $42 10, and an order of sale was at the same time granted to the administratrix; that at a special term of the court, held on the 25th September, 1852, the administratrix made application for a final settlement, and filed her accounts and vouchers, and that thereupon an order was made directing publication for forty days, and appointing a guardian *ad litem* for the infant distributees; that the proceedings were regularly continued, from term to term, until the regular January term, 1853, when the following decree was rendered :—

"This being the day to which was continued the final settlement of Cynthia Snow, administratrix of the estate of John Snow, deceased, came the said administratrix, and Rebecca Snow, infant daughter of said decedent, by her guardian *ad litem:* and it appearing to the satisfaction of the court that publication for forty days has been made, by posting up written notices at the court-house door and three other public places in said county, requiring all persons interested in said settlement to be and appear before the judge of this court,

and show cause (if any they can) why said settlement should not be made ; and the judge of said court, having examined, audited, and stated said account, reported the same for allowance; from which it appears that said administratrix has charged herself with the sum of $52 70, and is entitled to credits amounting to $52 70, disbursing all that has come into her hands as such administratrix ; and there being no exceptions made to said account, or any part thereof, so stated, it is ordered, adjudged, and decreed, that the same be in all things confirmed and allowed, and that said administratrix go hence discharged from further liability as such administratrix."

Afterwards, at the regular April term, 1853, it was " ordered by the court, that A. C. Matthews,* sheriff of said county, be, and he is hereby, appointed administrator de bonis non (by virtue of his said office) of the estate of John Snow, deceased, and that letters of administration issue to him accordingly." At the March term, 1854, said Matthews, as administrator de bonis non, filed his petition in said court, asking a citation against said administratrix, who was alleged to have intermarried with James Douthitt, to compel a final settlement of her administration ; and a citation was accordingly issued to said Douthitt and wife. At the term to which this citation was returnable, the defendants appeared, and pleaded the decree above recited as a final settlement ; and on their motion the court dismissed the petition, and rendered judgment for costs against said administrator de bonis non individually. This decree is now assigned for error.

R. S. WATKINS,. for the appellant.

J. W. SHEPHERD, contra.

RICE, J.—The doctrine of the common law, in force in this State, is, that when the Probate Court has granted letters of administration to a person entitled to and capable of discharging the trust, it cannot make any new appointment of an administrator of the same estate, until the occurrence of one of those events or disabilities which, either temporarily or perpetually, vacates the office—as the death, or resignation of the party, the repeal of his authority, &c. If it makes any such new appointment before the occurrence of any one of

such events or disabilities, such new appointment is totally void.—Griffith v. Frazier, 8 Cranch, 9 ; The Justices v. Selman, 6 Georgia R. 432.

Where an administratrix has been duly appointed by a probate court in this State, and has qualified under such appointment, and has never resigned, and has not reported the estate either solvent or insolvent, a decree rendered by that court within eighteen months from such appointment, " that said administratrix go hence discharged from further liability as such administratrix", is utterly void.—Enicks and Wife v. Powell, 2 Strobhart's Eq. R. 196. It does not destroy or abridge her rights or liabilities as administratrix, nor authorize the appointment of an administrator *de bonis non* of the same estate. If she has received assets for which she has not duly accounted, or which she has not duly administered, she may be proceeded against in that court precisely as if no such decree had ever been rendered. If since her appointment as administratrix she has married, the proceedings ought to be against her and her husband as administrator and administratrix of the estate.—McGinty v. Mabry, 23 Ala. 672 ; 2 Wms. on Ex'rs, 632-333 ; Pistole v. Street, 5 Porter's R. 64.

Whether that part of the decree in the present case which *confirms and allows the account of the administratrix* as shown in the record, is of any validity, we do not now determine. If it be valid for any purpose, it cannot be conclusive beyond the very items mentioned in that account, and cannot protect her from liability as to all matters not mentioned in the account.

The administratrix in chief has not been displaced, nor has she resigned. The record does not show anything which amounts to a repeal of her authority, nor to a bar to her liability for matters not mentioned in the account above referred to, even if it be conceded that she is protected to the extent of the items mentioned in that account.—Gayle v. Elliott, 10 Ala. 264 ; Norman v. Norman, 3 Ala. 389.

The plain result from what we have said, is, that the appointment of the appellant as administrator *de bonis non*, is void,—that he has not thereby acquired any rights as administrator, and that there was no error in dismissing *his* petition.

The decree is affirmed.