## Ex Parte MAXWELL.

[APPLICATION FOR MANDAMUS TO PROBATE COURT.]

*Validity of grant of administration.*—The failure of an administrator to give bond, as required by the order appointing him, renders the grant of administration voidable only, and not absolutely void.

APPLICATION for a *mandamus*, or other remedial writ, to the probate court of Wilcox, to compel that court to grant to the petitioner, James F. Maxwell, original letters of administration on the estate of his father, James Maxwell, deceased, who died some time in the year 1845, seized and possessed of real and personal property in the county of Wilcox. The transcript from the records of said probate court, which was made an exhibit to the petition, shows that, on the 19th February, 1846, an order was made by said court in the following words: "It is ordered by the court, that Joseph VaDevoort be, and he is hereby, appointed administrator of the estate of James Maxwell, deceased, and that he give bond, in the sum of three thousand dollars, for the faithful performance of the duties required of him as such administrator." On the 21st February, 1860, the petitioner applied to said probate court for the grant of original letters of administration on said estate; setting forth in his petition his right to the administration, and alleging "that letters of administration have never been granted to any person upon said estate, nor bond given, nor oath of office as administrator taken by any person." The probate court dismissed the petition, on the ground that VaDevoort had been appointed administrator of said estate. The petitioner then made application to the circuit court of Wilcox, (Hon. NAT. COOK presiding,) for a *mandamus* to the probate court; insisting that the grant of administration to VaDevoort was void, because he had never given bond, with sureties, as required by the statute and the order of his appointment. The

circuit court refused to grant the writ, and the petitioner now renews his application to this court.

GEO. W. GAYLE, for the motion.

A. J. WALKER, C. J.—Without inquiring whether the giving of the bond by VaDevoort would be conclusively presumed, or, if it would not, whether the failure to give the bond is shown by the evidence, we dispose of this case by deciding, that the failure to give the bond would not render the administration void. The law draws a distinction, between administrations which are void, and those which are repealable, or revocable. The grant of administration is not void, unless there was a want of jurisdiction to make it.—*Miller v. Jones*, 26 Ala. 247 ; *Gayle & Pitts v. Blackburn*, 1 St. 429 ; *Wales v. Willard*, 2 Mass. 120. If the court had jurisdiction over the subject-matter of the grant of administration in the absence of a bond, the administration is not void, but simply revocable, or voidable. Jurisdiction is the power to hear and determine a cause ; and if the court had authority by law to hear and determine upon an application for the administration in the absence of a bond, then the order granting the administration is *coram judice*, and not void.—*United States v. Arredondo*, 6 Peters, 709 ; *State of Rhode Island v. State of Massachusetts*, 12 Peters, 719 ; *Grignon's Lessee v. Astor*, 2 Howard, 338.

The giving of the administration bond is not by the law made a condition, upon which the court is to hear and determine upon the matter of an application for administration. On the contrary, the giving of the bond, by way of qualifying the appointee of the court, must necessarily be posterior to the hearing and determination upon the application. The language of the law is, "In all cases, *before granting letters of administration, the administrator* shall enter into bond," &c.—Clay's Digest, 221, § 3. This language clearly implies, that there is to be an administrator ; that the court is to act upon the application, and designate

its appointee, before the bond is given. This is still more clearly shown by the condition of the bond, prescribed in the same law, as follows; " The condition of the above obligation is such, that, whereas the above-bound —— has been duly appointed *administrator*," &c. Thus, the very law, which requires the giving of a bond before the grant of letters of administration, declares, in prescribing the condition of the bond, that an administrator had been before " duly appointed." The intention of the law, doubtless, is, that the court shall, immediately upon announcing its judgment as to the appointment of an administrator, and before issuing letters of administration, and before the administrator performs any official act, require the bond to be given ; and this view of the statute, more nearly than any other, gives effect to all its words, and adopts a construction susceptible of practical application.

We admit, that it is difficult to reconcile some of the expressions of the opinion in *Cleaveland v. Chandler*, (3 St. 489,) with our conclusion. But the real point in that case was, whether an executor could, under our law, as he might have done under the common law, execute the trust, without obtaining from the proper court the grant of letters testamentary. What is said by the court as to the necessity of the executor's qualification, by taking the oath, and giving the bond prescribed, was produced as an argument, to show that, under our system, it was necessary that an executor should obtain letters testamentary. It may very well be argued, that to allow an executor to act without the grant of letters testamentary, would practically annul the statute requiring bond and oath ; and that, therefore, the rule of the common law was changed in this State. But that argument involves no denial of the validity of an order granting administration without the requisite bond and oath. To allow that decision the effect as an authority which is claimed for it, would give its expressions an effect not in the mind of the court which made them, and altogether foreign to their purpose. In the case of *Savage v. Benham*, (17 Ala. 119,) the validity of an administration

was assailed, upon the ground that the administratrix was an infant at the time of her appointment, and could not comply with the statutory requisition as to giving bond. The court held, that the appointment was, at most, only voidable, and that it could not be declared void in a collateral proceeding. This authority is very much in point, and is entitled to great consideration, because it is made in reference to a similar question.

In the recent case of *Gray's Adm'rs v. Cruise*, (36 Ala. 559,) the appointment of Brewer, unlike the appointment in this case, was conditional. The order was, that he be appointed administrator on his executing and filing bond. The condition not having been complied with, it was held, not that an appointment actually made was void, but that no appointment was made. Therefore, the question decided in that case, is totally unlike that which arises in this.

Looking to the decisions in other States, we find the proposition, that an administration, under such a law as ours, is not absolutely void, well sustained. In *Palmer v. Oakley*, (2 Douglass' Mich. Rep.) it is maintained, that a guardianship, granted to a *feme covert*, who is incapable of binding herself by contract, would not be collaterally assailable, notwithstanding the law might require that guardians should execute bonds.—See, also, *Russell v. Coffin*, 8 Pick. 143. In New York, the statute required that an administrator should, before receiving letters, execute a bond with two or more sureties; yet it was decided in *Bloom v. Burdick*, (1 Hill, 130,) that an omission in that particular did not render an administration void.—Dayton on Surrogates, 223; 2 Bradford's Rep. 22. See, also, *Janett v. State*, 5 G. & J. 27; *Ray v. Doughty*, 4 Blackf. 115; *Westcott v. Cady*, 5 Johns. Ch. 335.

The distinction between irregularities, which render a judicial proceeding voidable, and the absence of facts which are made conditions precedent, was long since drawn by this court, and has been since steadily maintained.— *Wyman v. Campbell*, 6 Porter, 119; *Matheson v. Hearin*, 29 Ala.

210. The failure to take the proper administration bond is a mere irregularity, or error, in the proceedings of a court having jurisdiction; and, therefore, the administration of Joseph VaDevoort was valid until repealed, and the petitioner is not entitled to an original and primary administration upon the estate. If the former administration is terminated, by death or resignation, an administration *de bonis non* is the only proper administration.

Motion refused.