# Burke *v.* Mutch.

*Summary Proceeding between Sureties, for Contribution.*

1. *Grant of administration; jurisdiction of court, and presumptions in favor of.*—In the grant of letters testamentary, or of administration, the Probate Court is, under constitutional provisions, a court of general jurisdiction; and when a grant of such letters is collaterally assailed, it will be presumed that the court previously ascertained the existence of the jurisdictional fact on which the validity of the grant depends, although its existence is not shown by the record.

2. *Grant of administration to sheriff.*—Letters of administration *de bonis non* can be granted to the sheriff, only when there is no general county administrator (Code, § 2363); yet, in a collateral proceeding, as in an action for contribution between two of the sureties on his official bond, founded on his default as administrator *de bonis non*, it is not necessary to aver or prove that there was no general county administrator at the time his letters were granted.

[Burke v. Mutch.]

APPEAL from the Circuit Court of Lee.
Tried before the Hon. JAMES E. COBB.

GEO. P. HARRISON, for the appellant.

H. C. LINDSEY, *contra.*

SOMERVILLE, J.—This is a summary motion by one surety against another, on a sheriff's bond, claiming contribution. The averment is made, that Hunter, the sheriff, had been appointed administrator *de bonis non* of the estate of W. S. May, deceased, by the Probate Court of Lowndes county, and that the plaintiff in the motion had paid a decree against him as such administrator, which had also been rendered against the plaintiff and the defendant jointly, as sureties on said bond. A demurrer to the motion was sustained, on the ground that it failed to aver that there was no general administrator in the county of Lowndes, at the time of Hunter's appointment; and this ruling is now assigned as error.

It is admitted, that the statute confers such power upon the Probate Court, only in the event of there being no general administrator.—Code of 1876, § 2363. The only question concerns the presumption as to its proper exercise, when it is collaterally assailed, as in this proceeding. We are of opinion, very clearly, that such averment is unnecessary. The constitution of the State confers upon the General Assembly the power to establish a Court of Probate, in each county within the State, "*with general jurisdiction* for the granting of letters testamentary and of administration, and for orphans' business."—Const. 1875, art. vi. § 9. The constitution of 1819 (Art. v., § 9) was the same in phraseology, with the omission of the words "with general jurisdiction," which were added only to speak the judicial interpretation repeatedly given it in the decisions of this court. In *Gray's Adm'rs v. Cruise* (36 Ala. 559, 561), it was said, that "the jurisdiction of the Probate Court" [as conferred by the constitution of 1819], "in the grant of letters testamentary, and of administration, is original, general, and unlimited. It is, to that extent, a court of general, not limited, or special jurisdiction." It was accordingly held, in that case, that an order of the Probate Court, granting letters of administration *de bonis non*, could not be held void, in a collateral proceeding, because it failed to show the appointment and removal, resignation or death of the administrator in chief,—a jurisdictional fact as essential to the validity of the order, as a vacancy in the office of county administrator would be here.

We take the principle to be settled beyond all disputation,

[Wood v. Brewer & Brewer.]

that where the Probate Court exercises the power to appoint an administrator of an estate, it is to be presumed that it previously ascertained the existence of the jurisdictional fact, without which the power could not be legally exercised; and its validity is not permitted to be collaterally assailed, or questioned otherwise than in a direct proceeding. Even if so directly assailed, such appointment would not be void, but voidable only.—*Coltart v. Allen*, 40 Ala. 155; *Ikelheimer v. Chapman's Adm'rs*, 32 Ala. 676; *Whorton v. Moragne*, 62 Ala. 201.

The Circuit Court erred in sustaining the demurrer, and the cause is reversed and remanded.