# Bean, Adm'r, *v.* Chapman.

*Assumpsit.*

1. *Letters of administration granted during late war, valid.*—Letters of administration granted in this State during the late war between the States, are valid.

[Bean, Adm'r, v. Chapman.]

2.　*Grant of letters of administration de bonis non; when void.*—A grant of letters of administration *de bonis non*, when there is no vacancy in the administration, is a mere nullity, and may be attacked in a collateral proceeding; but when so attacked, the fact that there was no vacancy must be affirmatively shown; as, in the absence of such proof, the presumption will be indulged that such vacancy did exist,. and that its existence was ascertained by the probate court when letters of administration *de bonis non* were issued.

3.　*Acts of register as probate judge; matters of record in probate court.* When the register in chancery acts *pro hac vice* in the stead of the probate judge, on account of the latter's incompetency, under the statute (Code of 1876, § 2648), his acts become matters of record in the probate court, and in that court he must discharge the duties imposed on him by statute, without a removal of the papers or records.

4.　*When transcript from probate court fails to show a vacancy in administration.*—Where, in a suit in the circuit. court by one who claims to be, and sues as administrator *de bonis non* of a decedent's estate, a transcript from the probate court containing what purports to be the entire proceedings of that court touching the administration of said estate, is read in evidence, and from it it appears that administrators in chief were appointed in 1863, that they continued to act until 1870, when they filed their accounts and vouchers for a final settlement, and that, the judge of probate being incompetent to act by reason of relationship to the administrators, the settlement was "transferred" to the register in chancery, who made an order setting a day for the settlement,.and also, afterwards, two orders of continuance; but it does not appear therefrom that the settlement was ever made, or that the administrators had ever resigned, died, or been removed,—*held*, that the transcript affirmatively shows that there was no vacancy in the administration; and that letters of administration *de bonis non*, issued to the plaintiff in 1871, were therefore void.

APPEAL from Madison Circuit Court.

Tried before Hon. LEWIS WYETH.

This was a suit by Benjamin F. Bean, as the administrator *de bonis non* of the estate of Lawson Garner, deceased, against Reuben Chapman and Septimus D. Cabaniss, founded on a bond executed by the defendants as the sureties of one D. L. Larkin, on 27th January, 1860, and payable to the said Lawson Garner twelve months after date; and was commenced on 1st September, 1871. The defendants pleaded, among other things, that the plaintiff was not, at the commencement of the suit, and never had been the administrator *de bonis non* of said estate. This cause was before this court at a former term, when the judgment of the lower court was reversed, and the cause remanded.—See *Bean, Adm'r, v. Chapman*, 62 Ala. 58. On the second trial, had after remandment, so far as shown by the bill of exceptions, the only question raised was, whether the plaintiff was the administrator *de bonis non* of said estate, the defendants contending that his appointment as such was void, because, at the time it was made, there was no vacancy in the administration. This trial resulted in a verdict and judgment for the defendants, from which the plaintiff sued out this appeal.

The plaintiff read in evidence a transcript from the Probate

[Bean, Adm'r, v. Chapman.]

Court of Morgan county, showing that, on 24th day of November, 1863, letters of administration were granted by said court to Thomas D. Garner and Benjamin F. Bean, on their giving bond as required by the statute; and that in 1870 said administrators filed in said court their accounts and vouchers for a final settlement of their administration, which were "transferred to C. C. Nesmith, register of the Chancery Court for the Sixth District, Northern Chancery Division of the State of Alabama," on account of the incompetency of the judge of probate to pass thereon, by reason of his relationship to the administrators. He also read in evidence letters of administration on said estate, puporting on their face to be letters in chief, issued to him by the register in chancery, "sitting as judge of probate," of said county, on 2d August, 1871, and the bond sued on; and then rested his case.

Thereupon the defendant read in evidence a transcript from said probate court, showing the appointment of Garner and Bean as administrators of said estate, as shown by the transcript read by the plaintiff; that they continued to act as such administrators until the 6th June, 1870, when they filed their accounts and vouchers for a final settlement of their administration, and an order was made "transferring" the settlement to the register, as shown in the transcript read by the plaintiff. The only other orders or proceedings touching the administration of said estate, shown by the transcript introduced by the defendants, were (1) an order made before the register, on 6th June, 1870, "sitting as, and in the stead of the judge of probate," reciting the transfer of the settlement to him, fixing a day therefor, and directing notice thereof to be given, as required by the statute; (2) an order made on 11th July, 1870, continuing the settlement until 20th of July, 1870; and (3) an order made on the day last named, continuing the settlement until the first Monday in August. To this transcript, made on 18th May, 1876, was appended a certificate by the judge of probate of said county, that it was "a full transcript of all the proceedings in my office, pertaining to the administration of the estate of Lawson Garner, deceased," and that there "is no record evidence of the resignation or removal of Thomas D. Garner from his said office, as administrator of the estate of Lawson Garner, deceased."

This being the substance of the evidence introduced on the trial, the court charged the jury, at the written request of the defendants, that if they believed the evidence, they must find for them; and to this charge the plaintiff excepted. That charge is here assigned as error.

[Bean, Adm'r, v. Chapman.]

WALKER & JONES, for appellant. (No brief came to the hands of the reporter.)

HUMES & GORDON and JNO. W. SHEPHERD, *contra.* (1) The grant of administration to Bean and Garner, though made during the late war, was valid.—*Parks v. Coffey*, 52 Ala. 32; *Texas v. White*, 7 Wall. 700; Horn v. Lockhart, 17 Wall. 580. (2) The subsequent grant of letters to Bean by the register, which purports to be a grant of letters in chief, was probably founded on the supposed invalidity of the former grant, under the decisions of this court as then organized, which have since been overruled. The former grant being valid, this grant of letters is absolutely void, unless there was a vacancy in the administration.—*Matthews v. Douthitt*, 27 Ala. 273; *Coltart v. Allen*, 40 Ala. 155; *Nelson v. Boynton*, 54 Ala. 368; *Hooper v. Scarborough*, 57 Ala. 510; *McDowell v. Jones*, 58 Ala. 35. The transcript offered in evidence by the defendant below affirmatively shows that there was no vacancy, and negatives the presumption of a final settlement by Bean and Garner, in which this court indulged on the former appeal. The following authorities also cited and discussed: *Gray's Adm'r, v. Cruise*, 36 Ala, 559; *Ikelheimer v. Chapman's Adm'r*, 32 Ala. 676; *Rambo v. Wyatt*, 32 Ala. 363; *Dupree v. Perry*, 18 Ala. 34. (3) The plaintiff's grant of letters is void, because it was not made a matter of record in the probate court, as it should have been, if made by the register in chancery.—*Bean v. Chapman*, 62 Ala. 58; Code of 1876, §§ 2376, 2378. The transcript offered by the defendant negatives the legal existence of the plaintiff's alleged letters, by affirmatively showing that no such letters were ever issued. (4) If the plaintiff is the same person mentioned in the first grant, he should have proved that fact. Identity of person will not be presumed from mere identity of name, in the absence of averment or proof of the fact.—*Boykin v. Edwards*, 21 Ala. 261. See also *Miller v. Hale*, 26 Penn. St. 436. He should have also proved the death of Garner, his co-administrator, to make out title in himself.

SOMERVILLE, J.—The letters of administration granted by the Probate Court of Morgan county to Bean and Garner, in November, 1863, were valid, although made during the late war. This was settled in *Nelson v. Boynton*, 54 Ala. 368, which has not since been departed from.—*Kellam v. Allen*, 69 Ala. 442.

So long, therefore, as these appointees continued to hold, and no *vacancy* was created in the administration by their resignation, removal, or death, no subsequent grant could be

made of letters of administration *de bonis non* to any other person. The action of the probate court making the second grant of letters, without the existence of a vacancy, would be a mere nullity, and may, therefore, be held void even in a collateral proceeding.—*Gray's Adm'r, v. Cruise*, 36 Ala. 559 ; *Sims v. Waters*, 65 Ala. 442 ; *Nelson v. Boynton, supra.*

In the *absence of evidence*, however, to the contrary, such a vacancy may be presumed, on *collateral* attack, from the mere fact of the court's having granted the administration *de bonis non*. The second grant can be held invalid only where there is such evidence, affirmatively showing that no such vacancy existed.—*Gray's Adm'r v. Cruise, supra; Hatchett v. Billingslea*, 65 Ala. 16.

The general rule is, that "where the probate court exercises the power to appoint an administrator of an estate, it is to be presumed that it previously ascertained the existence of the jurisdictional fact, without which the power could not be legally exercised ; and its validity is not permitted to be collaterally assailed, or questioned otherwise than in a direct proceeding" (*Burke v. Mutch*, 66 Ala. 568, 570); or, as otherwise declared, "facts, which must have been ascertained by the court to exist, and upon the existence of which *the regularity* of its action depends, will be conclusively presumed to have been ascertained, unless the record affirmatively discloses the contrary."—*Burnett v. Nesmith*, 62 Ala. 261 ; Freeman's Jud. Sales, § 4, p. 21, *note* 25. One of the established *exceptions* to this rule is, where there is *no vacancy* in an administration, evidence is admissible, even in a collateral proceeding, to show the fact, and in such event the second grant is absolutely void.—*Matthews v. Douthitt*, 27 Ala. 273 ; *Gray v. Cruise*, 36 Ala. 559, *supra; Coltart v. Allen*, 40 Ala. 155 ; *Nelson v. Boynton*, 54 Ala. 368. So a grant of letters of administration on the estate of a *living man*, who was supposed to be dead, has been held to be a nullity.—*Duncan v. Stewart*, 25 Ala. 408.

The evidence here negatives the existence of any vacancy in the administration which would authorize the grant of an administration *de bonis non*. The incompetency of the probate judge authorized the register in chancery to act in his stead as if he were probate judge, so far as concerned the particular duty for the performance of which the judge was incompetent. Code, 1876, § 2648. The acts of the register, however, would become records and proceedings of the probate court. He must discharge these duties in the probate court, without the removal of the original papers or records of such court, and is *pro hac vice* the acting probate judge.—*Bean, Adm'r, v. Chapman et al.*, 62 Ala. 58.

The record contains what purports to be the entire proceed-

[Hale et al. v. Vaughan, Ex'r.]

ings of the probate court touching the administration of the estate of Lawson Garner. These proceedings, in our opinion, show affirmatively that there was no vacancy in the administration which authorized the issue of letters of administration *de bonis non* to Bean. His appointment was, for this reason, a nullity, and he has no authority to maintain this suit.—*Bean v. Chapman, supra; Gray's Adm'r, v. Cruise*, 36 Ala. 559, 565.

The judgment of the circuit court is, in our opinion, free from error and must be affirmed.

BRICKELL, C. J., not sitting.