# Pruett *et al. v.* Pruett.

*Petition to revoke Letters Testamentary.*

1. *Letters testamentary; revoked when not applied for within thirty days after probate of will.*—Under the provisions of the statute, (Code, §§ 52, 53,) where one named as executor under a will fails to apply for letters within thirty days after the probate of the will, he thereby loses the right to have letters issued to him, as against other persons named as co-executors who made their application for letters testamentary within the thirty days as prescribed by the statute; and such failure on the part of one of the persons named as executor in the will, to apply for letters testamentary within the thirty days after the probate of the will, when there has been an application for letters testamentary made by the other persons named as executors, confers upon the latter persons to whom the letters were issued the exclusive right to act as executors, and so long as the letters issued to such other executors remain unrevoked, the court is without jurisdiction to grant letters to the person named as executor who did not apply within the thirty days.

2. *Same; jurisdiction of probate court to revoke same.*—Where the granting of letters testamentary by the probate court is void, such probate court has the inherent power to revoke them and a petition to revoke such void letters is properly filed in the probate court issuing them, although a court of equity has assumed jurisdiction of the administration of the estate.

APPEAL from the Probate Court of Montgomery.

Heard before the Hon. J. B. GASTON.

The appellants, S. T. Pruett and O. J. Pruett, filed a petition in the probate court of Montgomery county asking that letters testamentry issued out of said court to Ada B. Pruett in the matter of the last will and testa-

ment of Seth G. Pruett, deceased, be revoked. The facts as shown by the pleadings and proof were that S. G. Pruett died leaving a last will and testament, in which he named S. T. Pruett, O. J. Pruett and George Feagin as executors, and Ada B. Pruett as executrix. The will was admitted to probate in the probate court of Montgomery county on April 8, 1901. On May 8, 1901, the appellants, S. T. Pruett and O. J. Pruett applied for and had granted to them letters testamentary under said will. On May 9, 1901, Ada B. Pruett applied for letters testamentary, and the same were granted and issued to her. George Feagin never applied for the issuance of letters testamentary to him. After the grant of letters testamentary to Ada B. Pruett, the appellants, S. T. Pruett and O. J. Pruett filed the present petition in the probate court from which the letters were issued, praying that the letters testamentary issued to Ada B. Pruett be revoked upon the ground that more than thirty days had elapsed between the probate of the will and the application for letters, and that, therefore the right to have letters issued to Ada B. Pruett had been waived or abandoned by her.

Ada B. Pruett filed two pleas, in which she sought to set up reasons why the petition to revoke the letters testamentary to her should not be granted. In the first plea she averred that by not applying for letters testamentary until after the lapse of thirty days, she did not forfeit her right to said appointment or relinquish her right to said appointment under the provisions of any statute. In the second plea, she set up that the probate court had no jurisdiction of the petition, because a bill had been filed in the city court of Montgomery in equity to remove the administration into that court; and although no decree or order of removal had been entered, the petition should have been filed in the city court of Montgomery, and the probate court was without jurisdiction thereof.

Demurrers and motions to strike these pleas were overruled. Upon the hearing of the petition, the probate court rendered a decree denying the same, and dis-

missed the petition. From this decree the petitioners appeal, and assign the rendition thereof as error.

HARMON, DENT & WEIL, for appellants.—The power to revoke letters improvidently or irregularly issued is one inherent in the probate courts, and may be exercised *ex mero motu* though the better practice is for a party in interest to invoke the jurisdiction by written application.—*Watson v. Glover*, 77 Ala. 323. It is the decree ordering removal and not the filing of the bill in equity that gives the equity court jurisdiction over the administration of an estate and ousts the jurisdiction of the probate court.—*Baker v. Mitchell*, 109 Ala. 490, 492. Besides the probate court has original and exclusive jurisdiction in the matter of the grant of letters and its grant can not be collaterally assailed, but must be attacked, if at all, by a direct proceeding in that court. Const. of Alabama, Art. VI, § 9; *Barclift v. Treece*, 77 Ala. 528; *Kling v. Connell*, 105 Ala. 590.

If a person named as executor in a will fails to apply for letters within thirty days after probate, the period prescribed by the statute, his right to letters is waived as effectually as if he had filed his renunciation in writing, in the manner prescribed by statute.—*Keith v. Proctor*, 114 Ala. 676; *Wheat v. Fuller*, 82 Ala. 572. The rule of the common law that an executor derived his power from the appointment of the testator never obtained in this State—his authority here being derived solely from the grant of letters by the probate court.—3 Brick. Dig. 454, § 3.

The right to letters is regulated entirely by statute. Code of 1896, § 52.

EDWIN F. JONES and WATTS, TROY & CAFFEY, *contra.* The probate court had no jurisdiction of the matter in controversy. The jurisdiction of the administration of the estate of S. G. Pruett was in the city court of Montgomery by reason of the filing of said bill by said Ada B. Pruett, and by reason of the orders made in said case by the said city court. It is not necessary that a formal order removing the case into the city court should be made. It is sufficient if by any act that court has as-

sumed jurisdiction.—*Blakey v. Blakey*, 9 Ala. 391; *Harrison v. Harrison*, 9 Ala. 470; *McNeill v. McNeill*, 36 Ala. 109; *Teague v. Corbett*, 57 Ala. 537; *Bragg v. Beers*, 71 Ala. 153; *Sharp v. Sharp*, 76 Ala. 317; *Tyghe v. Dolan*, 95 Ala. 269; *Ligon v. Ligon*, 105 Ala. 460.

But, even if the probate court had jurisdiction of the estate, should it have granted the motion to revoke the letters granted to Mrs. Pruett? The letters having issued to Mrs. Pruett, they should not be revoked unless it appears that the issue of said letters was illegal or improper. It is claimed that these letters were illegally and improperly issued because Mrs. Pruett did not apply for letters within thirty days from the probate of the will, and because O. J. and S. T. Pruett did apply for letters within thirty days. It is said that this claim is justified by section 52 of the Code. This section provides that if any person named as executor fails to apply for letters within thirty days after the probate of the will, and any other persons named as executors apply, letters must be issued to them. It must first be noticed that there is no language in this section which can be construed to mean that the executor who fails to apply for letters in thirty days thereby forfeits the right to act as executor if he applies afterwards, but only that letters shall be issued to those who do apply. It will also be noticed that the statute does not require that the executors who apply shall be the only executors appointed by it. It simply says they shall be appointed, but does not say the others shall not. If this is true, then it must be strictly construed and construed in reference to the common law rules prevailing at the date of its passage, and it will not be considered as intended to interfere with or repeal such rules beyond what is warranted by its express words or the necessary implication to effect its clear purpose.—*Scaife v. Stovall*, 67 Ala. 237; *Beale v. Posey*, 72 Ala. 323; *Cook v. Meyer*, 73 Ala. 580; *Lanier v. Youngblood*, 73 Ala. 587.

TYSON, J.—This appeal is prosecuted from a decree of the probate court denying the petition of appellants seeking a revocation of letters testamentary issued to Mrs. Pruett. The will named appellants as executors

and Mrs. Pruett as executrix. It was probated on the 8th day of April, 1901, and on the thirtieth day after probate, letters testamentary were issued to the petitioners. On the thirty-first day after probate, the letters sought to be revoked in this proceeding, were issued to Mrs. Pruett.

"The common law traced the title and authority of an executor to the will. Without regard to the time of its probate, his title and authority were by relation referred to the death of the testator. The executor was regarded, not as an officer of the court of probate, but rather as a private trustee, nominated and appointed by the testator, and charged with such duties as the testator declared. Probate was essential only to establish, by judicial sentence, his right and authority. Before probate he could do nearly all the acts he could rightfully do after probate, except the institution and prosecution of suits, in which profert of probate and letters testamentry was necessary."—*Brocks' Admr. v. Frank*, 51 Ala. 91, 92. So, also, in some jurisdictions it is a rule of the common law that where there are several executors and one renounces and the others prove the will, the renunciation is not binding on him so long as one or more of his co-executors continue in office, but he who renounced may at any time afterwards come in and administer.—11 Am. & Eng. Enc. Law (2d ed.), 757. In others, the rule seems to be this: In the absence of statutory regulation to the contrary, an executor named in a will is not bound to take probate when his co-executors do; he may come in at any time afterwards and take letters testamentary; and even should he renounce, though he cannot in that case take letters testamentary during the life of such as prove the will, yet should he survive them, he is entitled to administration of the estate and to letters testamentary.—*Judson v. Gibbins*, 5 Wend. 224; 1 Woerner on Administration, § 234. These rules clearly have application only in those jurisdictions where the common law prevails, that an executor derives his authority exclusively from the will and not from his letters testamentary, and have no application in this jurisdiction, where the settled rule is, that letters testamentary must be granted, be-

fore an executor is legally invested with any authority over the assets of the testator's estate (*Ward v. Cosby*, 76 Ala. 557); and the statutes regulating the issuance of letters testamentary and administration, create preferences which must be exercised by the party preferred within the time fixed by the statutes.—*Keith v. Proctor*, 114 Ala. 676; *Wheat v. Fuller*, 82 Ala. 572; *Forrester v. Forrester*, 37 Ala. 398; *Curtis v. Williams*, 33 Ala. 570.

Sections 52 and 53 of the Code required Mrs. Pruett to apply for letters within thirty days after probate of the will, and her failure to do so lost to her the right to have letters as against her co-executors who did make their application within the time prescribed. In other words, her failure to exercise the right conferred by the provisions of these statutes and the exercise of that right by the petitioners, conferred upon the latter the exclusive right to letters testamentary; and so long as the letters issued to the petitioners remained unrevoked, the court was without jurisdiction to grant the letters to Mrs. Pruett.—*Matthews v. Daughette*, 27 Ala. 273; *Bean v. Chapman*, 73 Ala. 140; *Nelson v. Boynton*, 54 Ala. 368; *Coltart v. Allen*, 40 Ala. 155; *Gray v. Cruise*, 36 Ala. 559. This being true, the grant of letters to her was void and the petition should have been granted and her letters revoked. The grant of letters being void, it was the duty of the probate court to revoke them. Having the inherent jurisdiction to make the records speak the truth, it unquestionably had the right to hear and determine and grant the petition in this case, although it be conceded (a question we do not here decide) that the city court had assumed jurisdiction of the administration of the estate.

A decree will be here entered revoking the letters testamentary to Mrs. Pruett and reversing the decree of the probate court denying the petition.

Reversed and rendered.