(81 South. 617)

STANLEY v. STANLEY. (2 Div. 681.)

(Supreme Court of Alabama. May 1, 1919.)

**1. EXECUTORS AND ADMINISTRATORS ⬦19—RELINQUISHMENT OF WIDOW'S PREFERENTIAL RIGHT TO ADMINISTER.**

Where a widow did not apply for letters of administration on the estate of her husband for more than 40 days after his death, under Code 1907, § 2522, she relinquished her preferential right under section 2520 to be appointed.

**2. EXECUTORS AND ADMINISTRATORS ⬦30—CONDITIONAL ORDER OF APPOINTMENT—FAILURE TO FILE BOND—NEW APPOINTMENT.**

Where probate court, on widow's petition for letters of administration, ordered that it be granted provided that she first file bond, after a reasonable time without compliance by her with such requirement, the probate court had a right to disregard and set aside the order and to appoint decedent's son as administrator.

Appeal from Probate Court, Choctaw County; W. H. Lindsey, Judge.

Petition by Sue Stanley for letters of administration on the estate of her husband, Alexander Stanley, opposed by Wash J. Stanley. From judgment denying the petition, petitioner appeals. Affirmed.

On November 27, 1916, appellant, Sue Stanley, filed her sworn petition in the probate court of Choctaw county, Ala., setting up that Alexander Stanley died on October 8, 1916, a resident of said county, leaving an estate consisting of real and personal property; that petitioner, Sue Stanley, was the widow of said decedent, a resident of said county, and over the age of 21 years; that Wash J. Stanley, appellee, was the son and only heir of said deceased, a resident of said county, and over the age of 21 years; and praying for a granting of letters of administration upon said estate upon the execution of bond as required by law. On November 28, 1916, the probate court made an order, reciting as a preamble thereto, the averments of the petition, and that said petitioner was a fit person under the law to serve as administrator, concluding as follows:

"It is therefore ordered that said petition be granted, provided that the said Sue Stanley first file in this court her bond in the penal sum of $1,000, conditioned and payable according to the statute in such cases made and provided, with such security or securities as may be approved by this court. It is further ordered that said petition be recorded."

On January 11, 1917, decedent's son, Wash J. Stanley, filed his petition in the same court, alleging many of the facts in the former petition, and, further, that the widow who had filed her application had failed to qualify, and that the estate needed immediate attention, and praying that the order appointing the widow be set aside, and that petitioner be granted letters upon his giving bond. This petition, without notice to the widow, was on the same day granted by said court, and an order was made setting aside the appointment of said widow. Said Wash J. Stanley executed bond as required by the court, which was approved, and on the same day, January 11th, letters of administration were issued to him.

On January 20, 1917, the widow filed a petition in said court alleging that, on November 28, 1916, she had been appointed administratrix of said estate, and that she was preparing to give her bond as such when Wash J. Stanley filed his petition and had letters issued to him without notice to her, and the letters were therefore void. She thereupon tendered her bond as administratrix with sufficient sureties, and prayed that the order setting aside her appointment be canceled, and that the order appointing Wash J. Stanley and the letters issued to him be set aside, and that her bond be approved and letters issued to her, which bond she filed in court. The court granted the petition, stating that the delay in presenting the bond was not attributable to petitioner, but did not state the cause of said delay, and set aside the order appointing Wash J. Stanley. The letters issued to Wash J. Stanley were also revoked, the court holding that his appointment was irregular and erroneous as without notice to Sue Stanley, and not at a regular, special, or adjourned term of the court. However, the court declined to approve her bond and issue letters to her upon the ground that contesting applicants appeared, and set the February term (regular term) as the day to hear the applications for appointment. At this term the court appointed Wash J. Stanley as administrator and ordered that he execute bond in the sum of $1,500.

An appeal was taken to the circuit court by the widow, where it was held that the appointment of Wash J. Stanley was void, as there was no vacancy in the administration of the estate, and therefore the decree would not sustain an appeal. The appeal was therefore dismissed. Thereupon Wash J. Stanley filed a petition in the probate court on March 6, 1918, renewing his application for letters of administration, and the hearing thereof was duly set, at which time the court made an order declaring void and revoking the order of November 28, 1916, appointing said widow as administratrix, and also declaring void the order appointing Wash J. Stanley administrator. An order was then entered appointing Wash J. Stanley administrator of the estate. To all of which the widow excepted. The said Sue Stanley then

applied to the probate court to approve her bond and issue letters of administration; but the court refused to do so for the reason the court had previously appointed Wash J. Stanley as administrator. Thereupon the court issued letters of administration upon said estate to Wash J. Stanley.

Subsequently, on June 10, 1918, the said Sue Stanley filed another petition setting forth all the previous proceedings, alleging that she had been duly appointed administratrix and had filed a sufficient bond, and that the appointment of Wash J. Stanley should be vacated, and letters should be issued to her. The court denied the petition, and she duly excepted, and within five days thereafter prosecuted an appeal to this court.

R. Percy Roach, of Mobile, for appellant. Granade & Granade, of Chatom, for appellee.

GARDNER, J. [1] Appellant, as the widow of one Alexander Stanley, made application to the probate court of Choctaw county for appointment as administratrix of his estate. This application, however, was made after the lapse of more than 40 days from the death of decedent, and therefore, under the provisions of section 2522 of the Code of 1907, she is held to have relinquished her preferential right under section 2520 of the Code. There was considerable delay in the execution of her bond as administratrix as required as a condition precedent in the order of the court, and the appellee, a son and only heir of the deceased, made application for letters of administration to be issued to him. There were numerous petitions and orders, as appear in the statement of the case, finally resulting in the court setting aside the order conditionally appointing the appellant, and entering an order appointing the appellee administrator of said estate.

It is urged by appellant's counsel that, as appellant had previously been appointed administratrix of said estate, and had not been lawfully removed therefrom, there was no vacancy in the office, and therefore the order appointing appellee was void, citing Matthews v. Douthill, 27 Ala. 273, 62 Am. Dec. 765; McDowell v. Jones, 58 Ala. 25; Pruett v. Pruett, 131 Ala. 578, 32 South. 638; Hicky v. Stallworth, 143 Ala. 535, 39 South. 267, 111 Am. St. Rep. 57, 5 Ann. Cas. 496, among other authorities.

[2] We are of the opinion, however, that the fallacy of this argument lies in the assumption that the order of November 28th constituted a complete, valid, and legal appointment of appellant, the widow, as administratrix. The order of November 28th was but a conditional order, which had not been complied with after a reasonable lapse of time, when the appellee filed his application for letters; and the court had a right at that time to disregard and set aside said former order. Such was the holding of this court in Gray's Adm'r v. Cruise, 36 Ala. 559, where the question here at issue seems to have been presented. In that case one Brewer had been appointed administrator "on his executing and filing in this office his bond to approval in the sum of $2,000." The bond was not executed, and it was held that—

"In order to sustain the validity of the subsequent grant of administration de bonis non to the plaintiff, when collaterally assailed, this appointment of Brewer, under a conditional order which was never complied with, will be disregarded."

In Ex parte Maxwell, 37 Ala. 362, 79 Am. Dec. 62, the following comment upon the above authority is made:

"In the recent case of Gray's Adm'rs v. Cruise, 36 Ala. 559, the appointment of Brewer, unlike the appointment in this case, was conditional. The order was that he be appointed administrator on his executing and filing bond. The condition not having been complied with, it was held, not that an appointment actually made was void, but that no appointment was made. Therefore the question decided in that case is totally unlike that which arises in this."

The order in the instant case was likewise conditional; and clearly, after the lapse of a reasonable time and a failure on the part of the petitioner to comply with the order in regard to the bond (for what cause does not appear), the court had the right to disregard and set aside the order of November 28th, and entertain appellee's petition, and treat the case as presenting contesting applicants for letters of administration, as was done.

We therefore find no error, and the judgment of the probate court will be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.