# Small v. McCalley.

### Application for Probate of Will.

1. *Bill of exceptions; execution of.* — A paper copied into the transcript, purporting to be a bill of exceptions, but without the signature of the presiding judge, who certifies that he refused to sign it because it was not correct, and which is not established in this court as a bill of exceptions, cannot be considered as a part of the record for any purpose, and errors cannot be assigned upon it.

2. *Propounding will for probate; practice.* — An application for the probate of a will may be made verbally, or in writing ; and though the better practice is to require it to be in writing, yet this is matter of discretion with the court to which the application is made; nor can this court revise the action of the probate court in striking from the files a demurrer to a written application.

APPEAL from the Probate Court of Madison.

In the matter of the petition of Alfred McCalley, propounding for probate a certain paper writing as the last will and testament of Emeline Robinson, deceased. The petition was in writing, and a demurrer was interposed to it by John Small, as contestant, who specified several causes of demurrer. The

[Small v. McCalley.]

court struck the demurrer from the files on motion of the proponent; and the parties then proceeded to a trial by jury as to the validity of the will, which resulted in a verdict establishing it. A paper is copied into the transcript, which purports to be a bill of exceptions ; but it is not signed by the presiding judge, and he certifies, beneath it, that he refused to sign it because it was not correct. In this paper it is stated, that the contestant excepted to the action of the court in striking his demurrer from the files, and to several rulings on questions of evidence during the trial ; and these several rulings are now assigned as error.

JOHN D. WEEDEN, for appellant.

W. M. LOWE, contra.

BRICKELL, J. — The several assignments of error, founded on the paper transcribed in the record, purporting to be a bill of exceptions, cannot be considered. The judge of probate refused to sign that paper, and certifies that he refused because it does not truly recite the facts occurring on the trial, or the rulings of the court. No application has been made to establish it as a bill of exceptions. Not being signed by the judge, or established in the mode prescribed by the statute, it does not form part of the record, and errors cannot be assigned on its statements.

2. The remaining assignments of error relate to the action of the court in striking out a demurrer to the application of the appellee for the probate of the will. An application for the probate of a will may be made verbally, or in writing. It has often been said by this court, that it was the better practice to require it to be made in writing. The requisition, however, is matter of discretion, in the court of probate, which we cannot control. If the court deems the application sufficient to call into exercise its jurisdiction to take probate, the only power this court has is to correct any error or irregularity, which may intervene in its exercise. Whether the application is verbal or written, and however insufficient it may be, if tested by the rules applied to pleading, the proponent is bound, on the hearing, to make proof of every fact essential to the validity of the instrument propounded, and of every fact on which the jurisdiction to take probate depends; so that the character of the application is unimportant, and cannot possibly prejudice the interests adverse to the will. The action which the court would take on the appellant's demurrer, was a matter resting within its discretion, and the exercise of that discretion we cannot revise.      The decree is affirmed.