# Sands, Admr. v. Hickey et al.

## Statutory Action of Ejectment.

1. *Pleading and practice; what reviewed on appeal from a judgment where non-suit is taken.*—Where, on account of adverse rulings by a court upon the evidence, the plaintiff takes a non-suit with bill of exceptions, the rulings of the trial court, which can be reviewed on appeal, are restricted to such matters as are proper, to be presented in the bill of exceptions, (Code, § 614); and, therefore, the rulings of the court upon the pleadings shown only by the record proper, will not be reviewed on such an appeal.

2. *Grant of letters of administration de bonis non; when void and assailable on collateral attack; presumption.*—A grant of letters of administration *de bonis non*, where there is no vacancy in the administration, is a mere nullity and may be attacked in a collateral proceeding; but when so attacked the fact that there was no vacancy must be affirmatively shown, and in the absence of such proof, the presumption will be indulged that such vacancy had existed and that its existence was ascertained by the probate court when the letters of administration *de bonis non* were issued.

3. *Same; effect of appointment of administrator generally after vacancy in administration in chief.*—Where there is a vacancy in the administration in chief of an estate, it is not proper for the court to appoint an administrator generally, but the appointment should, in terms, be restricted to the character of the administrator *de bonis non;* but the appointment of a second administrator, without such restriction does not, on that account, render the second appointment void *in toto*, but has only the effect of the grant of excess of power.

4. *Action of ejectment by administrator; issue on plea of ne unques administrator; admissibility of evidence.*—In an action of ejectment by an administrator, where issue is joined upon a plea setting up that the plaintiff was never regularly and duly ap-

[Sands, Adm'r. v. Hickey *et al.*]

pointed an administrator of the decedent's estate, and on the trial the plaintiff offers in evidence, without objection, a certified copy of the letters of administration appointing him administrator with the will annexed of the estate of the decedent, further evidence on the part of the plaintiff showing that he was the administrator of the estate of the deceased and had the right as such to maintain the action, is irrelevant, immaterial, and is properly excluded on objection of the defendant.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a statutory action of ejectment brought by the appellant against the appellees.

The facts of the case are sufficiently stated in the opinion.

JOHN R. TOMPKINS, for appellant.—The letters testamentary appearing to be regular on their face could not be collaterally attacked.—*Russell v. Erwin*, 41 Ala. 299; *Morgan v. Casey*, 73 Ala. 225; *Moore v. Cottingham*, 113 Ala. 161; *Bromberg v. Sands*, 127 Ala. 411; Code, § 55, note.

An executor or administrator may maintain any action for the recovery of lands which the heir at law or devisee could maintain.

GREGORY L. & H. T. SMITH, *contra.*—As a non-suit with a bill of exceptions was taken in this case, no question upon the pleadings is before the court.—*Darden v. Jones*, 48 Ala. 33; *Rogers, Admr., v. Jones*, 51 Ala. 354; *Wyatt v. Evins*, 52 Ala. 287.; *Levinshon v. Edwards*, 79 Ala. 293; *Cofer v. Schening*, 98 Ala. 338; *First National Bank of Augusta v. Baker Hill Iron Co.*, 108 Ala. 638; *Pritchard v. Sweeny*, 109 Ala. 651.

If the estate had never before been administered upon, or if it had been administered upon, and the administration had become vacant by resignation, removal or death of the administratrix, then plaintiff's appointment was valid, and the issue upon the plea of *ne unques* was conclusively established in his favor. If, on the other hand, the estate had already been administered upon, and no

[Sands, Adm'r. v. Hickey *et al.*]

vacancy had occurred by resignation, removal or death, then the court had no jurisdiction to appoint plaintiff as administrator of the estate, and his appointment as such was a nullity, and the issue upon the plea of *ne unques administrator* was conclusively settled in favor of the defendant.—Code of 1896, § 111; *Beasley v. Hall*, 117 Ala. 504; *Bean v. Chapman*, 73 Ala. 143; *Allen v. Kellam*, 69 Ala. 446; *Simms v. Waters*, 65 Ala. 443.

HARALSON, J.—This was a suit in ejectment by R. M. Sands, as administrator with the will annexed of Thomas Gretopull, deceased, against Mary A. Hickey, which suit was commenced in the circuit court of Mobile county on the 13th day of October, 1900.

The defendant filed under oath her plea, setting up "that the said R. M. Sands was not at the time of the. filing of the complaint in said cause, the lawfully appointed and qualified administrator of the estate of Thomas Gretopull, deceased."

To this plea the plaintiff demurred, attaching to his demurrer a certified copy of his own appointment and qualification, on the 4th of October, 1900, as administrator with the will annexed of said Thomas Gretopull, deceased, setting up as ground of demurrer, "that his letters testamentary so exhibited and filed in this court, cannot be collaterally impeached as is sought to be done by said plea, of which plaintiff as administrator aforesaid prays judgment."

The original count was amended in a manner not material to be noticed, to which the defendant refiled the plea of *ne unques administrator*, theretofore filed to the original complaint. Plaintiff again demurred to said plea, which demurrer was by the court overruled.

Thereupon the plaintiff moved to strike said plea from the file, which motion the court overruled; but the ruling on this motion does not appear in the bill of exceptions.

On the 22d December, 1900, the defendant pleaded separately to each count of the complaint, 1st, not guilty; 2d, the same plea of *ne unques administrator*, as theretofore filed, and, 3d, a special plea as follows: "And for .further plea pleaded separately to each count of said

complaint, the defendant says that·after the death of the said Thomas Gretopull, deceased, and on, to-wit, the 31st day of May, 1873, letters of administration were issued by the probate court of Mobile county, which said court had jurisdiction of the estate of said Thomas Gretopull, deceased, to one Eliza Gretopull, as the administratrix of Thomas Gretopull, deceased, and that prior to the appointment of the plaintiff as the administrator of the estate of Thomas Gretopull, deceased, the said Eliza Gretopull fully administered said estate, and made final settlement thereof, and was by the decree of said probate court discharged from further accounting in said court in the matter of said administration."

Upon these pleas issue was taken and the cause proceeded to trial before the jury, on the evidence. The judgment entry recites that "on account of the rulings of the court on the evidence, plaintiff takes a non-suit with a bill of exceptions," and judgment was accordingly rendered for the defendant.

In such case, the rulings of the trial court on the pleadings are not open for review on appeal. ·For the review of any of its rulings on the evidence, the facts, point or decision must be reserved by bill of exceptions, as in other cases. The rulings for review in such case are restricted to such matters as are proper in a bill of exceptions.—*Cofer v. Schening*, 98 Ala. 338; *Darden v. James*, 48 Ala. 33; *Pritchard v. Sweeney*, 109 Ala. 651; Code, § 614. In this case, then, we have to do only with the rulings of the court on the exclusion of evidence.

The points in issue as presented by the pleas 2 and 3 were, by the 2d, *ne unques administrator*, and the facts in the 3d special plea set out in full above. The *gravamen* of the defense is that at the time the plaintiff was appointed administrator, there was no vacancy in the administration, and his appointment was void.

It cannot be denied that the administrator *de bonis non* of an estate cannot be appointed by the probate court, unless there is a vacancy in the administration, and in case of a second appointment without such vacancy, the latter appointment will be void.—*Bean v. Chapman*, 73 Ala. 141; *Morgan v. Casey*, 73 Ala. 222.

The rule is, as prescribed by statute, "If the sole executor, or all the executors or administrators die, resign, or are removed, the probate court, having jurisdiction of the estate, must grant letters of administration, with the will annexed, or of the goods and chattels, rights, etc., unadministered, to the person entitled thereto, as in cases of intestacy."—Code, § 111. It is essential, therefore, to the validity of a second grant, that the first should have terminated.—*Matthews v. Douthitt,* 27 Ala. 273; *Gray v. Cruise,* 36 Ala. 559; *Cogburn v. McQueen,* 46 Ala. 566; *Nelson v. Boynton,* 54 Ala. 368, 376; *Hooper v. Scarborough,* 57 Ala. 510; *McDowell v. Jones,* 58 Ala. 25, 35; *Beasley v. Howell,* 117 Ala. 506.

While it is true that in the absence of a vacancy in the administration, the second grant of letters would be a mere nullity and pronounced void even in a collateral proceeding, yet it is well settled that in the absence of evidence to the contrary, such a vacancy may and will be presumed, on collateral attack, from the mere fact of the court's having granted the administration *de bonis non.* "The second grant can be held invalid only when there is such evidence affirmatively showing that no such vacancy existed."—*Bean v. Chapman,* 73 Ala. 140, 144; *Morgan v. Casey,* 73 Ala. 224; *Allen v. Kellam,* 69 Ala. 446; *Chappel v. Doe,* 49 Ala. 153; *Gray v. Cruise,* 36 Ala. 559. In this case there is no evidence affirmatively showing that there was not a vacancy existing in the administration, at the time of the appointment of the plaintiff.

The Code, section 113, provides that if letters of administration have been granted as in case of intestacy, and a will is afterwards proved, and the executor therein named appears, claims letters and complies with the requisitions of the law, the probate court having jurisdiction must revoke the letters of administration and grant letters testamentary to such executor. But, if in the case provided for in that section, the sole executor, or some of the executors named in the will, do not appear within five days after proof of such will, and take out letters testamentary thereon, a copy of the will must be annexed to the letters of administration, and must be executed by the administrator.—Code, § 114. Adminis-

tration issued as in case of intestacy, when deceased left a will which is afterwards produced and probated, is, therefore, voidable only and not void.—*Lloyd v. Clayton,* 67 Ala. 266.

An administration *de bonis non* is proper to be granted when a vacancy occurs in the administration in chief. Code, § 111. After an administration of the latter character, there cannot, strictly speaking, be another administration in chief, and it is not proper for the court to appoint an administrator generally. The appointment should in terms be restricted to the character of an administrator *de bonis non.* But, the appointment of a second administrator, without such restriction, does not, on that account, render the second appointment void *in toto.* The authority of an administrator *de bonis non* is that of an administrator in chief, lessened in consequence of the previous administration, and if letters apparently in chief are issued, when they should be *de bonis non,* and without qualifying or limiting the grant of administration, the grant, not being void, has only the effect of an excess of power.—*Moseley v. Mastin,* 37 Ala. 219.

In this case it is shown that on the 31st May, 1873, Eliza Gretopull was appointed administratrix in chief of her husband, Thos. Gretopull, as though he had died intestate. She afterwards married Thos. J. Hickey, and by virtue of the marriage, he became associated with her in the administration. On November 18, 1875, the said Hickey and wife filed their accounts in the probate court for a final settlement of said estate, and on the 13th of December, 1875, said settlement was had. The decree on final settlement recited: "And said account so stated is hereby approved by the court and ordered to be recorded, together with the papers and vouchers thereof. It is further ordered that said Eliza Hickey and Thos. J. Hickey be and they are hereby discharged from further accounting in this court in the matter of said administration."

Eliza Gretopull, as appears, died January 7, 1892. If she continued to be administratrix, after her final settlement in 1875, and up to the time of her death, as to the real estate her husband may have owned, her admin-

istration and that of her husband, Thos. J. Hickey, by virtue of his intermarriage with her while she was administratrix, terminated at her death, and as to any unadministered property of the deceased, the administration was vacant.—*Rambo v. Wyatt,* 32 Ala. 363; *Gravett v. Malone,* 54 Ala. 22. So, it is clear, that after the death of said Eliza in 1892, there remained no administration on the estate of her said husband, Thos. Gretopull.

On the 4th October, 1900, R. M. Sands, the plaintiff in this case, filed his petition in said probate court, praying for "letters with the will annexed" on said estate, and on the same day the court made an order "that the said R. M. Sands as general administrator for Mobile county is hereby appointed the legal administrator, *cum testamento annexo,* of the goods and chattels, rights and credits and money and effects, which were of said Thomas Gretopull in his lifetime." These letters of administration were introduced in evidence without objection by defendant.

The bill of exceptions recites that "On said trial plaintiff offered in evidence a certified copy of his letters of administration with the will annexed, of Thos. Gretopull, deceased, from the probate court of Mobile county. This was not objected to."

The purpose of all the other evidence offered by the plaintiff and excluded, was to show that plaintiff was the administrator of the deceased, and had a right, as such, to maintain the action. After the introduction by him, without objection, of these letters, all this excluded evidence was irrelevant and immaterial to show that he was the rightful administrator, and was properly excluded. With these letters in evidence, plaintiff took what he needed to proceed with the trial of his cause, and by the introduction of other and proper proof of his right to recover the lands sued for, he might have entitled himself to a verdict. Without offering any proof, however, except that which related to his right to maintain the action,—which his letters of administration evidenced (*Morgan v. Casey,* 73 Ala. 222),—he took a voluntary non-suit.

No error appearing, the judgment below must be affirmed.