67 So.2d 10

## FIELDS et al. v. BAKER et al.

### 4 Div. 734.

Supreme Court of Alabama.

Aug. 6, 1953.

J. Theodore Jackson, Dothan, for appellants.

N. Frank Pridgen and Alto V. Lee, III, Dothan, for appellees.

SIMPSON, Justice.

The primary inquiry posed by this appeal is whether nonresident executors under a will probated in Florida are entitled to have ancillary letters testamentary issued to them in this state pursuant to §§ 140 and 142, Title 61, Code 1940, without first offering the will for probate. A secondary inquiry is, if letters are due to be issued, should the letters of administration on the estate theretofore issued to other parties in the probate court of Houston County, Alabama, be revoked on application of the executors (appellants) to that end?

Both questions are due an affirmative answer, resulting that the decree of the trial court was erroneous and must be reversed.

Section 140, supra, confers authority upon the probate judge to issue letters testamentary to persons named in wills regularly probated who are nonresidents of this state. Section 142 sets forth the steps necessary to the grant of such letters when the will has been probated in another state. These steps are the filing of a copy of the will under which the nonresident executor was appointed, together with a certificate of the judge of the court in which the will was probated that such will was regularly proved and established, and that letters testamentary were issued to him thereon, in accordance with the laws of the state or territory in which such letters were granted, together with the giving of a bond, unless such be exempted by the will. From the application of the executors (appellants) and the exhibits thereto it appears that the requirements of § 142 were duly complied with and letters should have been granted. Leatherwood v. Sullivan, 81 Ala. 458, 1 So. 718; Keith v. Proctor, 114 Ala. 676, 21 So. 502.

Section 78, Title 61, provides that if, after letters of administration have been granted as in case of intestacy, any will is proved, and the executor therein named appears, claims letters testamentary, and complies with the requisition of the law, the probate court having jurisdiction must revoke the letters of administration and grant letters testamentary to the executor. The application and exhibits make a case for revocation under the statute.

As we understand appellees' theory, it is that, in order for the executors (appellants) to have the relief sought by them, they must have proceeded under § 46, Title 61, as amended; that is to say, they must have offered the foreign will for probate in this state. Apparently appellees' further contention is that the executors having failed to proceed under § 46, supra, their application, with a filing of a copy of the will, was yet tantamount to an offer of probate of the will in this state, and that appellees, as persons interested, were accorded the right under Title 61, § 52, Code, to contest the will "before the probate

thereof," and by § 63, Title 61, to have the contest removed to the circuit court.

Such a theory is untenable. There is no interdependence between § 46 and § 142. The one provides how a will proved in another state may be probated in this state. The other provides for issue of letters testamentary to an executor named in a will probated in another state. That there is a distinction between the filing of a copy of such a will in this state and the *probating* of such will in this state appears from the terms of the two statutes. Certainly it could not be contended that a foreign will could be probated in this state by proceeding under § 142, else there had been no purpose in the enactment of § 46. That the two statutes were intended to accomplish different purposes is apparent. Having resorted to one, seeking only such benefits as may be derived therefrom, as in Art. 7, Title 61, appellants cannot be said to be bound to observe the requirements of the other from which greater benefits may be derived. The so-called contest filed by appellees had no proper place in this proceeding. When filed, there was no will offered for probate.

The case of Hall v. Proctor, 242 Ala. 636, 7 So.2d 764, is thought to be authority for appellees' right to contest the will in this case in the manner here undertaken. The import of the holding in that case was mainly to give expression to the generally accepted principle that all real or immovable property is exclusively subject to the laws of the state wherein it is situated; that the mere fact that a will has been admitted to probate in another state is not conclusive of its execution and proof in the manner required by the laws of the state wherein such property is situated.

These principles have no bearing upon the situation here presented. The instant proceeding presents no question as to its effect on the title to the property of the decedent situated in this state or the extent of the credit and faith the Florida decree of probate will be accorded in Alabama. We are merely dealing with the right of appellants to the issuance of ancillary letters testamentary under the considered statute, which seems clear and certain.

Since it appears that the letters of administration issued to the appellees were issued on the basis of the allegation that there was no will, such letters are subject to be revoked upon the showing here made. Code 1940, Title 61, § 78; Sands v. Hickey, 135 Ala. 322, 33 So. 827; Keith v. Proctor, supra; Brown v. Brown, 204 Ala. 157, 85 So. 439.

It results as our judgment that the probate court erred in denying appellants' application for ancillary letters and for revocation of letters of administration issued to appellees. The decretal order appealed from will therefore be reversed and the cause remanded with directions that the lower court accordingly grant said application.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.