BLOODWORTH, Justice.
Appellant Sidney Gross, appeals from a judgment of the probate court denying appellant’s petition for the probate of the will of his deceased wife, Clara Gross. We reverse and remand.
On July 26, 1974, Clara Gross died. On October 3, 1974, the appellant, her husband, was qualified as the administrator of her estate. After an administration of her estate and distribution of the assets, the court entered a decree of final settlement on January 22, 1976, and an order discharging appellant as administrator on April 27, 1976. More than a year later, on June 3, 1977, appellant petitioned the court to probate, what is alleged to be, the valid Last Will and Testament of his deceased wife, which he had just located. Notice was given to the appellees, the Slyes, brothers of the deceased. After the court held a hearing on the matter on November 9, 1977, it entered an order denying the petition. In its order the court held, inter alia, that the assets of the estate had already been distributed in accordance with the laws of intestacy and that the administrator, the appellant, and his surety had been discharged.
Appellant contends the trial court erred in failing to probate the will of his deceased wife in that it ignored the plain language of § 43-2-29, Code 1975.
We conceive the question in this case to be: “Should a will, located within five years of the death of the testator, be denied probate solely because the estate has been fully administered and settled in accordance with the laws of intestacy of Alabama? This is an issue of first impression here. Having examined the applicable statute and the relevant case law, we think the answer is no. Therefore, we must reverse and remand.
Section 43-2-29, Code 1975, provides as follows:
“(a) If, after letters of administration have been granted as in case of intestacy, any will is proved and the executor therein named appears, claims letters testamentary and complies with the requisition of the law, the probate court having jurisdiction must revoke the letters of administration and grant letters testamentary to such executor.
“(b) If, in the case provided for by subsection (a), the sole executor or some of the executors, within five days after the proof of such will, do not appear and take out letters testamentary thereon, a copy of the will must be annexed to the letters of administration and must be executed by the administrator. (Code 1852, §§ 1722, 1723; Code 1867, §§ 2045, 2046; Code 1876, §§ 2414, 2415; Code 1886, §§ 2066, 2067; Code 1896, §§ 113, 114; Code 1907, §§ 2517, 2518; Code 1923, §§ 5739, 5740; Code 1940, T. 61, §§ 78, 79.)” [Emphasis ours.]
The statute, by its terms, dictates that, if after letters of administration have been granted, a will is proved and the executor appears and complies with the requisite requirements, the probate court must revoke the letters of administration and grant letters testamentary to the executor. (See § 43-1-37, Code 1975, regarding the time limit for probate of five years.)
Several Alabama cases have had occasion to apply this statute to cases where a will was presented for probate subsequent to the grant of letters of administration. See, e. g., Fields v. Baker, 259 Ala. 336, 67 So.2d 10 (1953); Sands, Administrator v. Hickey, 135 Ala. 322, 33 So. 827 (1903); Keith v. Proctor, 114 Ala. 676, 21 So. 502 (1897). In each of these cases, this Court held, inter alia, that it would be proper to admit the will to probate.
Appellees contend, however, that each cf these cases is distinguishable because none involved a situation like the one in this case where all the property in the decedent’s estate had been administered. Assuming, arguendo, that this is true, we cannot agree that this distinction is vital. The statute is couched in mandatory terms. That is, it *335 states that if a will is found and it is proved and the executor appears and claims letters testamentary, then the probate court must revoke the letters of administration and grant letters testamentary to the executor. The statute makes no exception for the situation where all the intestate property has been distributed. The view which we take is in accord with the general rule.
“§ 880. Distribution of estate and discharge of administrator.
“The distribution of an estate as intestate property does not prevent the probate of a subsequently discovered will as a basis for establishing the rights of the legatees against those into whose possession the property has gone. The probate of a will is a preliminary step essential to enable a devisee or legatee to recover property previously distributed to heirs under a decree of distribution rendered in an intestate administration of the decedent’s estate. Neither does the final discharge of the administrator appointed upon a supposed intestacy prevent subsequent probate of the decedent’s will. (Footnotes omitted.)” [Emphasis ours.]
80 Am.Jur.2d, Wills, § 880, p. 70.
This was the holding by the Georgia Supreme Court in Walden v. Mahnks, 178 Ga. 825, 174 S.E. 538 (1934) viz:
“While the order appointing the administrator may not have been void, and the rights of third persons may have become involved, probate of the will should not be refused upon these grounds. Whether or not the propounder may be able to reclaim the property which has gone into other hands is a matter for future determination in some other proceeding.” [Emphasis ours.]
174 S.E. at 542.
Appellees next contend the probate court’s decree of final settlement of January 22, 1976, is a “final judgment” whose validity was not timely attacked in a direct attack through Rule 60(b), A.R.C.P. Moreover, appellees contend it may not now be collaterally attacked, as appellees contend is being done .here. There are two answers to these contentions.
The distinction between “direct” and “collateral” attacks was stated in Miller v. Thompson, 209 Ala. 469, 96 So. 481 (1923). There it was said, viz:
“ ‘. . any proceeding provided by law for the purpose of avoiding or correcting a judgment is a direct attack, which . will be successful upon showing error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power.’ Van Fleet on Collateral Attack, § 3, . . .”
Id. at 471, 96 So. at 482. Here, it is clear that this proceeding is provided for by law in § 43-2-29, supra, and thus it is a “direct” attack.
Here, too, the probate court was not exercising “equity jurisdiction” within the meaning of Rule 1, A.R.C.P. and, therefore, Rule 60(b), A.R.C.P. providing, inter alia, for relief from “a final judgment, order, or proceeding . . . ” is inapplicable to this court in this instance.
Appellee next contends that appellant is barred by “laches” from asserting this claim. We cannot agree. The elements of laches include unreasonable delay and prejudice to the opposing party. See Davis v. Alabama Power Co., 383 F.Supp. 880 (N.D.Ala.1974). Here, there has been no showing of unreasonable delay or of prejudice to the appellee.
' Appellee lastly contends that appellant is “judicially estopped” from denying that the testator died intestate. We cannot agree.. To hold that appellant is so es-topped would frustrate the very situation provided for in § 43-2-29, supra.
For the foregoing reasons, therefore, this case is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.