This is an appeal from a summary judgment issued by the Bibb County Circuit Court denying probate of a will for failure to file the will for probate within the five-year limitation period of § 43-1-37, Code 1975. We affirm.
On October 26, 1956, James Oakley, Sr., as executor of the will of Lillie Oakley, took her will to the probate judge's office and the probate judge ordered his employees to file it. The will was recorded in the Will Book, but the original will was not retained by the probate office nor was anything further done toward probating the will.
On July 12, 1977, a petition for probate was filed with the probate court to admit to probate the will of Lillie Oakley and to grant letters of administration to John Russell. A petition to contest probate of this will was filed by Lucile Oakley Maxwell, alleging probate was barred by § 43-1-37, Code 1975, as the testatrix had died on March 10, 1954, more than five years before. Mrs. Maxwell's petition was granted.
Russell then appealed to the Circuit Court. Mrs. Maxwell filed a motion for summary judgment and a supporting affidavit. That motion was opposed by Russell who filed a motion in opposition and a supporting affidavit. He then amended his petition for probate to allege that the petitioners had been fraudulently induced by James Oakley, the executor, to believe that the will had been admitted to probate within the original five years and that they had learned of this fraudulent conduct just prior *Page 158 
to filing the amendment. The trial court entered a summary judgment for Mrs. Maxwell, denying probate of the will on the five-year statute, and did not mention the alleged fraudulent conduct. Russell appeals.
We are asked to determine an issue of first impression — when is a will "filed for probate" within the context of §43-1-37-and to resolve several contentions concerning the alleged fraud, i.e. whether the allegations of fraud in the amended petition were sufficient, whether the fraud was perpetrated on any of the petitioners, and whether the fraud was timely discovered.
Section 43-1-37, Code 1975 sets a time limit for probate. It provides in pertinent part: "Wills shall not be effective unless filed for probate within five years from the date of the death of the testator." (Emphasis added.) Russell contends the "filed for probate" language simply means depositing the will with the appropriate clerk in the probate judge's office, which would thus allow him to probate the will, as Oakley deposited it with the probate office within five years of testatrix's death. Mrs. Maxwell, however, argues that the language means more than mere compliance with the definition of the word "file"; it included doing something additional evidencing an intent to probate the will.
Section 43-1-37 words its requirement "file for probate" rather than merely "file" which is defined by Black's LawDictionary as follows:
 FILE, v. To lay away papers for presentation and reference. . . . In practice, to put upon the files, or deposit in the custody or among the records of a court. To deliver an instrument or other paper to the proper officer for the purpose of being kept on file by him in the proper place. . . . It carries the idea of permanent preservation as a public record.
 Black's Law Dictionary 755 (4th rev. ed. 1968) (citations omitted).
"File for probate" indicates that the filing is for the specific purpose of probate, which is "[t]he act or process of proving a will." Black's Law Dictionary 1365-66 (4th rev. ed. 1968). In Alabama, the procedure for applying to probate or prove a will does not require great formality, so long as the procedures employed are sufficient to invoke the probate court's jurisdiction over the will sought to be proved. Pricev. Marshall, 255 Ala. 149, 52 So.2d 149 (1951). While this Court has said that the better practice is to require an application or petition for probate to be in writing, verbal applications have been recognized by this Court if the probate court deemed such an application adequate to call into exercise its jurisdiction to take proof. Small v. McCalley, 51 Ala. 527
(1874).
In addition, the term "file for probate" was defined by the Texas Court of Civil Appeals in Ross' Estate v. Abrams,239 S.W. 705 (1922). There an application for probate was filed in 1875 on the will of a testatrix who had died in 1872. This proceeding was continued in 1876 and nothing else was done until 1921, when another application to probate the will was filed by other parties to obtain a muniment of title. A contest was filed by the Abramses asserting that the will had been filed for probate earlier but that probate had been abandoned. Under the applicable provision of the Revised Statutes of Texas no will was to be admitted to probate after the lapse of four years from the death of the testator unless proof was shown that the party applying for probate was not in default for failure to present the will for probate within four years from the testator's death. The Court held that the four-year statute of limitations requiring presentation for probate had been complied with. The Court stated:
 We are of opinion that it is more reasonable, and more in consonance with the rest of the article to construe "present for probate" as being synonymous with "file for probate." The offering of the proof for probating the will is not a presentation of it for probate any more than the presentation of a bill of exchange would be the acceptance or payment of it. The very language of the statute draws a *Page 159 
distinction between "to present for probate" and the admission to probate. The presentation to probate precedes admission to probate. "Probate" is "the act or process of proving a will," and it must be preceded by the presentation of the will to the court, which is done by filing an application that the will be admitted to probate with the clerk of the county court of the proper county.
Ross' Estate v. Abrams, 239 S.W. at 707. (Emphasis added.) Filing for probate or presentation for probate entailed filing an application for admission to probate; more than merely handing the will to a probate clerk, but not requiring offering proof or the trial of the actual cause.
We are of the opinion that the "file for probate" language of § 43-1-37 connotes action beyond turning the will over to a clerk for recordation and involves some further action such as making application to probate the will to evidence an intent to probate the will. Our examination of the record in the present case does not reveal a scintilla of evidence that James Oakley did anything more than submit the will to be filed in the Will Book. There is no evidence to indicate that he ever intended to probate the will. Thus, as Oakley did not "file the will for probate," Russell may not now use Oakley's submission of the will to avoid failure to meet the five-year limitation.
Russell asserted in his amended petition that failure to comply with § 43-1-37 should be excused because of a fraud perpetrated by Oakley on the petitioners which would suspend the five-year provision for one year from the date the fraud should have been discovered. Whether the fraud was properly alleged, timely discovered, and perpetrated on the petitioners are contested issues.
Section 6-2-3, Code 1975, provides that the aggrieved party has one year from the discovery of the facts constituting the fraud within which to prosecute the action. The predecessor section of § 6-2-3 is in pari materia with the predecessor section of § 43-1-37 and must be construed as tolling the five-year provision, where the party attempting to invoke the remedy alleges and proves fraud as the basis of the right to proceed. Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941).
This Court has established a requirement of precise averments for those who rely on fraud to remove the bar of the statute of limitations. How and when the facts and circumstances constituting the fraud were discovered, why they were not discovered before the statutory bar was complete, and an acquittal of all knowledge of facts which would lead to an inquiry have been required in the past by this Court, either in the bill or a replication. Johnson v. Shenondoah Life InsuranceCompany, 291 Ala. 389, 281 So.2d 636 (1973) (replication);Gordon's Administrator v. Ross, 63 Ala. 363 (1879) (bill of review). Although replications are no longer filed, a party who wishes to assert the saving provision of § 6-2-3 must show that he comes within its requirements, where his complaint shows on its face that his claim is barred by a statute of limitations. General allegations will not suffice; specificity such as was formally needed in a replication is required. Amason v. FirstState Bank of Lineville, 369 So.2d 547 (Ala. 1979).
Having examined Russell's amended petition for probate, we have determined that the allegations of fraud were insufficient to remove the five-year limitation. Russell alleged that James Oakley, Sr. had custody of Lillie Oakley's will, that Oakley was an heir at law but was not a devisee or legatee under the will, that Oakley presented the will to the probate court and it was marked "filed" within the probate records, and that Oakley owed a fiduciary duty to the petitioners regarding the will which he breached. He also alleged that Oakley represented to the beneficiaries of the will that the will had been probated and the estate would be settled although the will was never probated, that the beneficiaries believed these representations and relied on them to their detriment, and that they did not discover that the will had not been probated *Page 160 
until shortly before the petition for probate was filed.
Having found the allegations of fraud in the amended petition inadequate, we do not discuss whether the fraud was perpetrated on these petitioners and was timely alleged.
AFFIRMED.
TORBERT, C.J., and ALMON, SHORES and EMBRY, JJ., concur.