ALMON, Justice.
Appellees petitioned the Circuit Court of Marion County to issue a writ of mandamus ordering the Probate Court of Marion County to accept the filing for probate of a purported last will and testament. The circuit court granted mandamus and ordered the probate court to hear the petition for probate. We affirm.
On August 23,1980, Ava Lee Guyton (Ms. Guyton) petitioned the Probate Court of Marion County for letters of administration of the estate of Ida C. Boyd (Ms. Boyd). Ms. Boyd had died on May 23, 1980, survived by a brother and a sister; seven nieces, including Ms. Guyton; and six grandnieces and -nephews, including Pamela Ja-ley Vann LaBossiere (Ms. LaBossiere) and James E. Vann (Mr. Vann), the appellees. Ms. Guyton’s petition appended a will dated August 14, 1956, and alleged that it had been revoked by a subsequent will, also revoked. Ms. Guyton also appended an envelope to her petition bearing the words, allegedly in Ms. Boyd’s handwriting: “Important Information about change of will after death of Vera B. Dugger.”
The will included in Ms. Guyton’s petition for letters of administration left all Ms. Boyd’s property to her sister, Joanna Boyd; if Joanna Boyd predeceased Ms. Boyd, to her sister Vera Boyd Dugger; if Joanna Boyd and Ms. Dugger predeceased Ms. Boyd, to her neice, Mona D. Vann; and if all three above-named beneficiaries predeceased Ms. Boyd all would go to Ms. Vann’s *842 children in equal shares. Joanna Boyd, Vera Boyd Dugger, and Mona D. Vann apparently predeceased Ms. Boyd. Ms. La-Bossiere and Mr. Vann are the children of Mona D. Vann.
The probate clerk mailed notice of a hearing scheduled for September 3,1980, on the petition for letters of administration to the heirs of Ms. Boyd, including Ms. LaBossiere. Ms. Labossiere, through her attorney, filed a motion on September 2, 1980, to stay the proceedings for the appointment of an ad-ministratrix for the reason that she had filed the will of Ms. Boyd dated August 14, 1956, for probate in the Probate Court of Montgomery County. On September 3, however, Ms. LaBossiere moved the court to dismiss her motion to stay. The Marion County Probate' Court complied and proceeded with the hearing. On that same day the probate court issued a decree.
The decree found that Ms. Boyd had revoked her will and died intestate. The probate court granted letters of administration to Ms. Guyton upon her filing a $100,000 bond. No appeal was taken from this order.
On September 8,1980, some of Ms. Boyd’s heirs, including Ms. Guyton, filed in the Probate Court of Montgomery County a motion to dismiss the application for probate of Ms. Boyd’s will previously filed in that court. The court granted the motion, noting that Ms. LaBossiere had consented to the dismissal of her petition.
On March 31, 1981, Ms. LaBossiere and her brother Mr. Vann moved the Circuit Court of Marion County to remove the administration of the estate of Ms. Boyd to the circuit court. The circuit court granted this motion on the same day[1] and ordered the probate court to transfer its records of the case. Ms. LaBossiere and Mr. Vann then filed a motion in the circuit court to probate the above-mentioned will. Ms. Guyton moved to strike this motion on the grounds that the circuit court had no jurisdiction to admit wills to probate. The circuit court granted the motion to strike on May 19, 1981.
Ms. LaBossiere and Mr. Vann returned to the probate court on May 19 and filed a petition to probate the will. Ms. Guyton filed a motion to dismiss the petition for probate on August 19, and the probate judge granted her motion on that date. On September 8, 1981, Ms. LaBossiere and Mr. Vann filed a petition for writ of mandamus in the circuit court to compel the probate court to enter the will to probate. Ms. Guyton filed a motion to strike the petition for mandamus, but the circuit court granted the petition on January 19, 1982, and ordered the probate court to hear the petition for the probate of the last will and testament of Ida C. Boyd. Ms. Guyton and the other heirs of Ms. Boyd, other than Ms. LaBossiere and Mr. Vann, appealed from this grant of the petition for mandamus. The probate judge joined as an appellant.
The appellants[2] contend that the order of the probate court dated September 3, 1980, is res judicata as to the offered will and that, because Ms. LaBossiere and Mr. Vann did not appeal from that order, they cannot now attack it by a writ of mandamus. Ms. LaBossiere and Mr. Vann counter that Code 1975, § 43-2-29, allows them to have the will probated. This section requires the probate court to revoke letters of administration and grant letters testamentary where a will is proved after a grant of letters of administration. The circuit court relied on this section in granting the writ of mandamus.
We do not agree with Ms. Guyton that the probate order is res judicata on the validity of the will. Ms. Guyton never offered the will for probate. Ms. LaBossiere and Mr. Vann argue that merely attaching the will as an exhibit to the petition for letters of administration is not equivalent to filing for probate of the will. They rely on Russell v. Maxwell, 387 So.2d 156 (Ala.1980); Gross v. Slye, 360 So.2d 333 (Ala.1978); and Hooper v. Huey, 293 Ala. 63, 300 So.2d 100 (1974).
*843 In Russell v. Maxwell, supra, this Court held that merely giving a will to a probate court for recordation in the will book does not constitute “filing for probate” within the meaning of Code 1975, § 43-1-37. There was no evidence that the person ever intended to probate the will. In Gross v. Slye, supra, this Court held that the probate court should not have denied probate of a will offered under § 43-2-29 solely because the estate had been fully administered and settled.
More to the point of this case is Hooper v. Huey, supra. Hooper filed a contest to a 1972 will offered by Mrs. Bruce. He wanted to bring two earlier wills naming Mrs. Bruce as primary beneficiary into the action, asserting that none of the three wills revoked a yet earlier will under which he was the primary beneficiary. Judge Huey granted Mrs. Bruce’s motion to dismiss Hooper’s contest of the two intermediate wills because they had not been offered for probate. This Court sustained Judge Huey’s demurrer to Hooper’s petition for mandamus whereby Hooper sought to have this Court order Judge Huey to set aside his order dismissing Hooper’s contest of the two intermediate wills.
The Court did, however, hold that Hooper could file a contest of the two wills because he was an “interested person” under the terms of the will contest statute, now Code 1975, § 43-1-70. “Thus, any person, whether he is interested for or against the will, may offer a will for probate in Alabama; and such person will not be estopped to contest the validity of the instrument in the same proceeding.” Hooper v. Huey, supra, 293 Ala. at 68. See also, Cagle v. Reeves, 353 So.2d 787 (Ala.1977).
Ms. Guyton, however, did not offer the will for probate and then contest it, as contemplated by the decision in Hooper v. Huey, supra. The procedure for granting letters of administration is quite different from the procedure for probating a will. When there is some contest to an application for letters of administration,
“the court may, in all cases examine the persons applying therefor, on oath, touching the time and place of the death of the intestate and as to whether or not he left any will and other matters necessary to give the court jurisdiction; and may also examine any other witnesses as to the same facts and may compel their attendance for that purpose by subpoena and attachment.”
Code 1975, § 43-2-45. The probate of a will is governed by a comprehensive set of statutes, §§ 43-1-30 through -52, and the contest thereof by §§ 43-1-70 through -82. The procedure for contest includes the right to trial by jury and the option to transfer the contest to circuit court, neither of which is available in a hearing on a contested petition for letters of administration. Although the above-quoted statute allows the probate court to inquire whether the deceased “left any will,” it does not provide for a full-blown trial to determine the validity of such a will.
Because of these differences in the gravity of the proceedings and the protection afforded interested persons, Ms. LaBossiere had no reason to expect that the outcome of the hearing on Ms. Guyton’s petition for letters of administration would be conclusive on the validity of the will. Such a failure to regard the hearings as conclusive is further justified by the language of § 43-2-29(a):
“If, after letters of administration have been granted as in case of intestacy, any will is proved and the executor therein named appears, claims letters testamentary and complies with the requisition of the law, the probate court having jurisdiction must revoke the letters of administration and grant letters testamentary to such executor.”
Similarly, Mr. Vann’s failure to appear did not amount to a default or waiver of his right to offer the will to probate.
Because a proper proceeding to probate the alleged will was never instituted, the decree of the probate court that the will had been revoked is not conclusive and cannot bar Ms. LaBossiere and Mr. Vann from now offering the will for probate. The circuit court was correct in granting man *844 damus ordering the probate court to hear the petition for probate of the will. The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.

. Both the motion and the order are dated March 31, but marked “filed April 6, 1981.”

. We shall refer to the appellants collectively as “Ms. Guyton.”